IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DUSTIN RAY JONES, | ) | |
| | ) | Case No. CV05-420-S-MHW |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| BANNOCK COUNTY SHERIFF LAUREN | ) | |
| NELSON, | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court are various motions filed by Plaintiff.  Having reviewed

the Motions, Responses and Replies, the Court enters the following Order.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED AS FOLLOWS:

A.    Plaintiff's Motion for Attorney's Fees (Docket No. 38), which appears to be

a request for appointment of counsel, is DENIED.  The Courts finds no

basis to depart from its earlier decision denying appointment of counsel.

B.    Plaintiff's Motion to Request Fees for Expert Witnesses (Docket No. 39) is

DENIED.  There is no provision in 28 U.S.C. § 1915 for payment of expert

witnesses fees for indigent litigants.  Treating physicians are available

**ORDER  1**

through the prison health care system if Plaintiff requires ongoing diagnosis

and treatment for his back injuries.  While Plaintiff is correct that the Court

has a Pro Se Pro Bono Program which allows for limited fees in

extraordinary cases involving indigent litigants, the Court has concluded

that, to date, Plaintiff's case does not fit into that limited category.

Therefore, Plaintiff should try to obtain private counsel who will front costs

for an expert witness.

C.     Plaintiff's Motion to Amend (Docket No. 40) is MOOT.  This document is

Plaintiff's Amended Complaint that was authorized by the Order at Docket

No. 36.  The Clerk of Court shall change the Docket to reflect that Docket

No. 40 is an Amended Complaint.

D.     Plaintiff's Motion for Fees re: Investigator (Docket No. 41) is DENIED.

There is no provision in 28 U.S.C. § 1915 for payment of investigator

expenses for indigent litigants.

E.     Plaintiff's Motion to Disqualify Judge (Docket No. 42) is DENIED.  The

Court stated in its last Order that "the Court cannot compel Defendants to

produce items they do not have."  This statement was not based on an ex

parte conversation with Defendants, as Plaintiff alleges, but was based on

Defendants' Reply wherein they stated that they had fully complied with

Plaintiff's discovery requests.  See Docket No. 30.  The Court uses this

statement as a matter of course to help explain to pro se litigants the limits

**ORDER  2**

of discovery.  Plaintiff has provided no basis for disqualification as the
Court has previously explained in addressing Plaintiff's prior Motion to
Disqualify.

F.     Plaintiff's Motion for Fees for Psychologist (Docket No. 44) is DENIED.
There is no provision in 28 U.S.C. § 1915 for payment of an expert witness
psychologist for indigent litigants.  Treating psychologists are available to
Plaintiff through the prison health care system if Plaintiff requires ongoing
psychological care.

G.     Plaintiff's Motion to Compel (Docket No. 55) is DENIED.  Defendants
state that they have produced all the documents in their possession
regarding Defendants Fagnant and Mayo.  If Plaintiff wishes to obtain
current licensing information for a Defendant that the Sheriff's Office does
not have, he will have to obtain it from a different source.  The Rules of
Discovery do not require Defendants to produce items they do not have.

H.     Plaintiff's second Motion to Compel (Docket No. 59) is DENIED without
prejudice.  There is no response from Defendants to this Motion.  The
mailing certificate on the Motion shows an incomplete address for
Defendants' counsel, and, therefore, the Court is not convinced that
Defendants' counsel received a copy of the Motion.  Plaintiff may renew
the Motion and send a copy to Defendants' counsel at the proper address.

I.     Plaintiff's third Motion to Compel (Docket No. 60) is DENIED.  Plaintiff's

**ORDER  3**

request that Defendants provide him with additional medical testing for purposes of litigation is not a proper subject for a motion to compel. In addition, if current medical providers do not believe that additional testing is necessary for his current treatment, then they have no obligation to provide him with the medical testing of his choice.

J.       Plaintiff's fourth Motion to Compel (Docket No. 61) is GRANTED to the extent that it appears to seek his own medical records relevant to his claims from Defendants. Defendants did not respond to the Motion, and the Motion contains a proper mailing certificate. If Plaintiff wishes to obtain his medical records from the Idaho Department of Correction (IDOC), he will have to obtain them by separate request or by subpoena, as the IDOC is not a party to this case.

K..      Plaintiff's Motion to Dismiss Defendants' Reply Brief (Docket No. 64) is DENIED. The Rules allow for a reply to be filed. Plaintiff may file a sur-reply of no more than five (5) pages within ten (10) days of this Order if he wishes to point out why he believes the reply is misleading. Plaintiff may wish to particularly provide any evidence he has to support his allegations that Defendant Nelson was aware of other incidents of excessive force or failed to train his deputies regarding excessive force.

**ORDER  4**

L.    Counsel for Defendants shall notify Plaintiff and the Court within ten (10)

days as to whether counsel will accept service of process for the new

Defendants named in the Amended Complaint (Docket No. 40).



DATED: October 4, 2006

Honorable Mikel H. Williams
United States Magistrate Judge

**ORDER  5**