IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DUSTIN RAY JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>BANNOCK COUNTY SHERIFF<br>LAUREN NIELSEN,[1] et al., DOES 1-25,<br><br>        Defendants. | Case No. CV-05-420-S-BLW<br><br>**MEMORANDUM ORDER** |

This case was reassigned to this Court because all of the parties did not consent to the jurisdiction of a United States magistrate judge. Pending before the Court are the following: Defendant Lorin Nielsen's Motion for Summary Judgment (Docket No. 51), Plaintiff's Motion to Enter into Negotiations (Docket No. 69), Plaintiff's Motion for Recusal (Docket No. 75), and Plaintiff's Motion for Hearing (Docket No. 76). The Clerk of Court sent Plaintiff a Notice to Pro Se Litigants of the Summary Judgment Rule Requirements (Docket No. 54). Having reviewed the Motions, Responses, and Replies, the Court enters the following Order.

## MOTION FOR SUMMARY JUDGMENT

---

[1] Defendant's true name is Lorin Nielsen.

**MEMORANDUM ORDER  1**

**A.     Standard of Law**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party. To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; *see T.W. Electric Serv.*, 809 F.2d at 630 (internal citation omitted).

**MEMORANDUM ORDER  2**

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party.  All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party.  *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  The existence of a scintilla of evidence in support of the non-moving party's position is insufficient.  Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby*, 477 U.S. at 252.

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In *Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989), the court outlined the requirements for a finding of proximate causation:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant.  *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979).   A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to

**MEMORANDUM ORDER  3**

prevent them. There is no respondeat superior liability under section 1983.

*Id*. at 1045.

**B.     Undisputed Facts**

Plaintiff and Defendant agree that "Plaintiff is not alleging Sheriff Lorin Nielsen was personally involved in Plaintiff's incarceration nor an active participant in the illegal use of force, but [Plaintiff is alleging that Nielsen] is directly responsible for the actions of his employees and their conduct." *See Plaintiff's Response to Motion for Summary Judgment*, at p. 2 (Docket No. 85). The incident reports completed by the deputies involved in the incident of which Plaintiff complains confirm that Sheriff Nielsen had no involvement in the incident. *See id., Exhibits*.

Sheriff Nielsen has provided training documents in support of his assertion that he has provided adequate training to his deputies. *See Affidavit of Loren Nielsen and Exhibits* (Docket No. 53). The training records of Deputies Bybee, Thurgood, Jons,[2] Hopkins and Olsen are attached to Sheriff Nielsen's Affidavit. Sheriff Nielsen declares that all of the officers involved in the incident were adequately trained. *See id.* at ¶ 6. He has also provided the jail's policy on use of

---

[2] Plaintiff spells Jons' name "Johns."

**MEMORANDUM ORDER  4**

force that governs the deputies' actions. *See id., Exhibits*. In addition, Nielsen declares that he knows of no prior incidents that would have led him to believe that Plaintiff would have been subjected to excessive force. *See id.* at ¶ 6.

Plaintiff offers nothing to rebut this evidence. Judge Williams specifically invited Plaintiff to provide evidence showing Sheriff Nielsen's liability, and provided Plaintiff with an opportunity to file supplemental briefing. *See Order of October 4, 2006*, at p. 4 (Docket No. 68). Plaintiff filed nothing further to support his allegations.

### C.   Discussion

Based on the foregoing facts, and applying the *Taylor v. List* standard of law set forth above, the Court concludes that Plaintiff has failed to bring forward any evidence showing that Sheriff Nielsen (1) personally participated in the alleged constitutional violation; (2) directed the violation; or (3) knew of the violation and failed to prevent it. Plaintiff's main theory appears to be respondeat superior, which is an unavailable theory of liability in a civil rights action.

If the Court construes Plaintiff's claim as a failure to train theory, the claim also fails regarding those officers whose training records have been provided. The inadequacy of law enforcement officer training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the

**MEMORANDUM ORDER  5**

rights of persons with whom the officer comes into contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

Sheriff Nielsen has provided documentation showing that Defendants Bybee, Jons, Thurgood, Olson, and Hopkins had been given extensive training on various aspects of use of force. *See Affidavit of Sheriff Loren Nielsen and Exhibits* (Docket No. 53). Plaintiff has provided nothing to rebut this evidence or to show that Sheriff Nielsen did not train these officers properly regarding excessive use of force. Plaintiff cannot stand on the allegations of his Complaint, but must come forward with evidence to support the elements of his claim. This, he has failed to do. As a result, Sheriff Nielsen is entitled to summary judgment as to the failure to train Defendants Bybee, Jons, Thurgood, Olson, and Hopkins.

Sheriff Nielsen has provided no training documentation regarding Defendants Christensen and Heinz. Therefore, his Motion as to these officers is denied without prejudice.

**D.     Claims against New Defendants**

Also remaining in this action are Plaintiff's claims against the new Defendants listed in his Amended Complaint (Docket No. 40). New Defendants Sergeant Bybee, Corporal Jons, Corporal Thurgood, Deputy Olson, and Deputy Hopkins have answered the Complaint (Docket No. 85), and therefore the Court

**MEMORANDUM ORDER  6**

shall set a new discovery and dispositive motion schedule below.

Plaintiff shall be responsible for providing the Court with service addresses for those additional new Defendants who are not employees of the County – Defendant Deputy Christianson, Deputy Heinz, Nurse Practioner Kris Babbs, and CMS Administrator Julia C. Fagnant.  Failure to provide service addresses for these individuals within the next 120 days shall result in dismissal of claims against them without prejudice.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED AS FOLLOWS:

A.  Defendant Sheriff Loren Nielsen's Motion for Summary Judgment (Docket No. 51) is GRANTED as to claims against him under a vicarious liability theory and claims regarding failure to train Defendants Bybee, Jons, Thurgood, Olson, and Hopkins; it is DENIED without prejudice as to Plaintiff's claims regarding his failure to train Defendants Christenson and Heinz.  Defendant Nielsen may resubmit a motion for summary judgment regarding Defendants Christenson and Heinz if evidence regarding their training is available.

B.  Plaintiff's Motion to Enter into Negotiations (Docket No. 69) is DENIED without prejudice.  Plaintiff is free to attempt to settle his case with

**MEMORANDUM ORDER  7**

       Defendants at any time by engaging in private negotiations with their counsel. A court-ordered mediation or settlement conference is not appropriate at this time.

C.     Plaintiff's Motion to Vacate, which is a motion for recusal (Docket No. 75) is MOOT, as this case has been reassigned for nonconsent of other parties.

D.     Plaintiff's Motion for Hearing (Docket No. 76) is DENIED.

E.     Plaintiff's Motion for Objection to Ex-Post Facto Filing by Defendants (Docket No. 79) is DENIED.  The Court will not dismiss Defendant's Motion for Summary Judgment because Plaintiff asserts that he did not receive the first copy of the Motion sent to him.  Defendant sent Plaintiff a second copy of the Motion, the Clerk of Court sent Plaintiff a copy, and Plaintiff has had adequate opportunity to respond to the Motion (see *Plaintiff's Response* filed August 1, 2006 at Docket No. 58).

F.     Plaintiff's Motion for Default Judgment (Docket No. 80) is DENIED. Plaintiff did not effect proper service of the Amended Complaint by sending a copy of it to Defendant's counsel in the mail.  The Waiver of Service of Summons form and Amended Complaint were sent to counsel for the new Defendants on October 20, 2006, allowing 30 days *after return of the signed waiver* to answer (Docket No. 77).  Defendants did not return the signed

**MEMORANDUM ORDER  8**

waiver (and they were not *required* to do so), but nevertheless answered on October 30, 2006. Because there was technically no service effected prior to the filing of the Answer, no default judgment can be taken.

G. Defendant's Motion to Strike Motion for Default Judgment (Docket No. 83) is MOOT.

H. Plaintiff must provide to the Court the addresses for service of process for Deputy Christianson, Deputy Heinz, Julia Fagnant, and Kris Babbs within 120 days; otherwise, claims against these defendants will be dismissed without prejudice.

I. The following pre-trial schedule shall govern this case:

1. **Disclosure of Relevant Documents:** On or before **December 29, 2006**, the parties shall provide each other with a copy of relevant documents in their possession, in a redacted form if necessary for security or privilege purposes; and, if necessary, they shall provide a security/privilege log sufficiently describing any undisclosed relevant documents which are alleged to be subject to nondisclosure. Any party may request that the Court conduct an in camera review of withheld documents or information.

2. **Completion of Discovery and Requests for Subpoenas:** All

**MEMORANDUM ORDER  9**

discovery shall be completed on or before **April 30, 2007.**  Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date.  The Court is not involved in discovery unless the parties are unable to work out their differences as to the discovery themselves.  In addition, all requests for subpoenas duces tecum (production of documents by nonparties) must be made by **March 30, 2007.**  No requests for subpoenas duces tecum will be entertained after that date.

3. **<u>Depositions</u>**:   Depositions, if any, shall be completed on or before **April 30, 2007.**  If Defendants wish to take the deposition of Plaintiff or other witnesses who are incarcerated, leave to do so is hereby granted.  Any such depositions shall be preceded by ten (10) days' written notice to all parties and deponents.  The parties and counsel shall be professional and courteous to one another during the depositions.  The court reporter, who is not a representative of Defendants, will be present to record all of the words spoken by Plaintiff (or other deponent), counsel, and any other persons at the deposition.  If Plaintiff (or another deponent) wishes to ensure that the

**MEMORANDUM ORDER  10**

       court reporter did not make mistakes in transcribing the deposition into a written form, then he can request the opportunity to read and sign the deposition, noting any discrepancies between what is transcribed and what he believes he said.  If Plaintiff wishes to take depositions, he must file a motion requesting permission to do so, specifically showing his ability to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed persons to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of the cost.

4.   **<u>Dispositive Motions</u>:**  All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before **June 15, 2007.**  Responsive briefs to such motions shall be filed within thirty (30) days after service of motions.  Reply briefs, if any, shall be filed within fourteen (14) days after service of responses.  All motions, responses, and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho.  **Neither party shall file supplemental responses, replies, affidavits, or other filings not**

**MEMORANDUM ORDER  11**

**authorized by the Local Rules without prior leave of Court. No motion or memorandum, typed or handwritten, shall exceed 20 pages in length.**



DATED: **November 13, 2006**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM ORDER  12**